IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMAS MARISCAL MERAZ,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and DAVID EASTERWOOD, Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement,<br><br>　　　　　　　Respondents. | 8:26CV27<br><br>**ORDER TO SHOW CAUSE** |

　　　　In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Tomas Mariscal Meraz, an undocumented alien who is a citizen of Mexico and a resident of Bloomington, Minnesota, challenges his detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(a) by Immigration and Customs Enforcement (ICE) at the McCook Detention Center in McCook, Nebraska. Filing 1 at 5 (¶ 14), 7 (¶ 1). Mariscal Meraz alleges that he is not an arriving alien and is not seeking admission. Filing 1 at 5 (¶ 14). He alleges that he entered the United States without inspection in 2007 or 2008 and has remained here continuously since 2007 or 2008. Filing 1 at 10 (¶ 10). He alleges that he was taken into custody on or about December 4, 2025, and is facing removal proceedings. Filing 1 at 10 (¶ 13). He asserts that his detention without bond is unlawful on various grounds. Filing 1 *passim*. Although Mariscal Meraz has filed no proof of service on

1

any Respondent and has filed no Motion for an Order to Show Cause pursuant to 28 U.S.C. § 2243, the Court concludes that it should now enter an Order to Show Cause.

## I. INTRODUCTION

### A. Mariscal Meraz's Habeas Petition

In the "Introduction" to his Petition for Writ of Habeas Corpus, Mariscal Meraz alleges that Respondents are detaining him in violation of law; that the immigration court maintains that it lacks legal authority to set a bond order; and that his continued detention serves no legitimate purpose. Filing 1 at 2 (¶¶ 1–3). Consequently, he requests the following immediate relief:

> 4. Pending the adjudication of his Petition, Mariscal Meraz seeks an order restraining the Respondents from transferring him to a location where he cannot reasonably consult with counsel, such a location to be construed as any location outside of Nebraska or Minnesota.
>
> 5. Pending the adjudication of this Petition, Petitioners [sic] also respectfully request that Respondents be ordered to provide seventy-two (72) hour notice of any movement of Mariscal Meraz.
>
> 6. Mariscal Meraz requests the same opportunity to be heard in a meaningful manner, at a meaningful time, and thus requests 72-hours-notice prior to any removal or movement.

Filing 1 at 2 (¶¶ 4–6).

As to the merits of his Petition, Mariscal Meraz asserts that federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness or constitutionality of their detention by the Department of Homeland Security (DHS). Filing 1 at 3 (¶ 9). Mariscal Meraz seeks immediate release to the extent that Respondents justify his detention based on 8 U.S.C. § 1225(b)(2), because he contends that statute "plainly does not apply to him." Filing 1 at 24 (¶ 46). He "requests a constitutionally adequate custody redetermination hearing in which he is not erroneously treated as detained pursuant to 8 U.S.C. § 1225(b)(2) and is instead treated as a detainee under 8 U.S.C. § 1226(a) within seven calendar days." Filing 1 at 25 (¶ 50).

Somewhat more specifically, Mariscal Meraz asserts five claims for relief. In Count One, he seeks declaratory relief pursuant to 28 U.S.C. § 2201 "that [he] is not subject to detention under 8 U.S.C. § 1225(b)(2)." Filing 1 at 26 (¶ 52). Rather, he is "detained pursuant to 8 U.S.C. § 1226(a)(1)," and he is "eligible to seek a bond redetermination hearing under § 1226." Filing 1 at 26 (¶¶ 53–54).

In Count Two, Mariscal Meraz alleges violations of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a) and 8 U.S.C. § 1225(b)(2). Filing 1 at 26. In support of this claim, he alleges the following:

> 58.  The denial of Mariscal Meraz's bond eligibility is in violation of 8 U.S.C. § 1226(a)(2)(A), which specifically makes him eligible for bond.
>
> 59.  8 U.S.C. § 1225(b)(2)(A) cannot apply as it only applies to those "seeking admission" at the time of detention and Petitioner was not "seeking admission at the time he was detained. 8 U.S.C. § 1225(b)(2)(A).

Filing 1 at 27 (¶¶ 58–59).

In Count Three, Mariscal Meraz alleges violation of his Fifth Amendment due process rights. Filing 1 at 27. In support of this claim, he alleges the following:

> 62.  Mariscal Meraz is not subject to mandatory custody under the Immigration & Nationality Act and is therefore entitled to a bond hearing in which a neutral arbiter may determine the justification for his continued detention under 8 U.S.C. § 1226(a)(2)(A), the denial of which constitutes a violation of the Fifth Amendment's guarantee of due process.

Filing 1 at 27 (¶ 62).

In Count Four, Mariscal Meraz alleges violation of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 as a result of unlawful denial of release on bond. Filing 1 at 27. The essence of this claim is that "[t]he application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates 8 C.F.R. § 236.1, 1236.1, and 1003.19." Filing 1 at 28 (¶ 67).

In Count Five, Mariscal Meraz alleges violation of the Administrative Procedures Act (APA) by agency policies that are contrary to law and arbitrary and capricious. Filing 1 at 28. The essence of this claim is the following:

> 72. [T]he Board has adopted a policy and practice of applying § 1225(b)(2) to Petitioner and others in the same position.
>
> 73. Respondents through its recent administrative decision failed to articulate any reasoned explanations for new interpretation of the Act. The Board's decision represents a change in the agencies' policies and positions that negates the plain language of the Act, the will of Congress, and decades of administrative precedent.
>
> 74. The application of § 1225(b)(2) to Petitioner is arbitrary, capricious, and not in accordance with law, and as such, it violates the APA. *See* 5 U.S.C. § 706(2).

Filing 1 at 29–30 (¶¶ 72–74).

As relief, Mariscal Meraz asks the Court to do the following:

1. Assume jurisdiction over this matter.

2. Issue an order restraining Respondents from attempting to move Mariscal Meraz from Nebraska or Minnesota during the pendency of this Petition.

3. Issue an order requiring Respondents to provide 72-hour notice of any intended movement of Mariscal Meraz.

4. Expedite consideration of this action pursuant to 28 U.S.C. § 1657 because it is an action brought under 28 U.S.C. § 153.

5. Order Respondents to provide Petitioner with a bond redetermination hearing consistent with 8 U.S.C. § 1226 within five business days of this Court's order;

6. Find that Respondents' administrative decision is arbitrary and capricious in violation of the Administrative Procedures Act.

7. Order the Omaha NE Immigration Court not to follow the Board of Immigration Appeal's decision in *Matter of Jonathan Javier Yajure Hurtado, Respondent*, 29 I. & N. Dec. 216 (BIA 2025) and grant individuals who entered without inspection a bond redetermination hearing consistent with 8 U.S.C. § 1226.

8. Declare that Petitioner's detention absent a bond hearing violates the Due Process Clause of the Fifth Amendment.

9. Grant Mariscal Meraz reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

10. Grant all further relief this Court deems just and proper.

Filing 1 at 30–31 (Prayer for Relief).

## II. LEGAL ANALYSIS

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

> As to the applicable procedure for habeas actions, § 2243 provides as follows:
>
> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Mariscal Meraz's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Mariscal Meraz's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a deadline for Respondents to "make a return certifying the true cause of the detention," the time for Respondent to do so will not begin to run until Respondents are served with Mariscal Meraz's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Mariscal Meraz the opportunity for a written reply after Respondents make their return but before the show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.").

Because the deadlines for Respondents' return and Mariscal Meraz's reply depend upon service of the Respondents, the Court will not set a date and time for the show-cause hearing at this time.

Accordingly,

IT IS ORDERED that

1. Petitioner Mariscal Meraz shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3. Respondents shall make a return certifying the true cause of Mariscal Meraz's detention and why his Petition should not be granted not later than three business days after service of Mariscal Meraz's Petition and this Order to Show Cause;

4. Petitioner Mariscal Meraz shall have three business days after Respondents file their return(s) to file any reply.

5. Upon the filing of Mariscal Meraz's proof of service of the Petition and this Show Cause Order, the Court will promptly set a hearing on this matter.

Dated this 22nd day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge