IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMAS MARISCAL MERAZ,<br><br>                Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and DAVID EASTERWOOD, Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement,<br><br>                Respondents. | 8:26CV27<br><br>ORDER SETTING DEADLINE FOR AMENDMENT OF PETITION FOR WRIT OF HABEAS CORPUS TO NAME PROPER CUSTODIAN |

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Tomas Mariscal Meraz, an undocumented alien who is a citizen of Mexico and a resident of Bloomington, Minnesota, challenges his detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(a) by Immigration and Customs Enforcement (ICE) at the McCook Detention Center in McCook, Nebraska. Filing 1 at 5 (¶ 14), 7 (¶ 1). In an Order to Show Cause, filed January 22, 2026, the Court set deadlines for Respondents to make a return and a deadline for Mariscal Meraz to file a reply. Filing 5 at 7. The Court also stated that it would set a prompt hearing on this matter upon the filing of Mariscal Meraz's proof of service of the Petition and the Show Cause Order. Filing 5 at 7.

Mariscal Meraz filed a Certificate of Service of his Petition and the Order to Show Cause "via overnight FedEx delivery" on January 28, 2026. Filing 6. Respondents filed a Response to the Petition for Writ of Habeas Corpus on January 30, 2026. Filing 7. Mariscal Meraz then filed his Reply to Respondents['] Answer to Petition for Writ of Habeas Corpus on February 3, 2026. The Court had anticipated that at this point, it would be time for the Court to set a hearing on Mariscal Meraz's Petition.

However, the Court's review of the filings in this matter has raised significant doubt that the Court has subject-matter jurisdiction. "[A] federal court always has jurisdiction to determine its own jurisdiction." *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) (quoting *United States v. Harcevic*, 999 F.3d 1172, 1178 (8th Cir. 2021), in turn quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). The United States Supreme Court has explained,

> District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). We have interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden [v. 30th Judicial Circuit Court of Ky.]*, 410 U.S. [484,] 495, 93 S.Ct. 1123 [(1973)].

*Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The Supreme Court then concluded, "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Indeed, not only is the district of confinement the only district in which jurisdiction will lie, but there is only one proper respondent:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the

2

person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. Ibid.

*Padilla*, 542 U.S. at 434–35. There are circumstances in which "legal control" rather than "immediate" (*i.e.*, physical) custody may suffice. *Id.* at 438 ("Under *Braden*, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"). Those circumstances do not exist here because Mariscal Meraz challenges his present physical confinement. *See id.* ("But nothing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement.").

Mariscal Meraz has named only federal officials as respondents in this case, although he asserts—albeit based only on "information and belief"—that he is in physical custody in the McCook County Detention Center. Filing 1 at 4–5 (¶¶ 14–15). Thus, it appears that a critical requirement for core habeas relief in this case is missing from his Petition. However, rather than dismiss the Petition for failure to establish this Court's subject-matter jurisdiction, *see Hilger*, 87 F.4th at 899 ("The plaintiff bears the burden of establishing subject matter jurisdiction."), the Court concludes that the interest of justice and the expedited disposition of § 2241 habeas petitions contemplated by § 2243 are best served by allowing Mariscal Meraz the opportunity to amend his Petition to attempt to establish this Court's subject-matter jurisdiction by naming a proper physical custodian.

Accordingly,

IT IS ORDERED that Petitioner Mariscal Meraz shall have to and including Thursday, February 12, 2026, to do the following:

      1.      to file an Amended Petition for Writ of Habeas Corpus identifying a proper physical custodian as a respondent, and

      2.      to file proof of service upon that proper physical custodian.

Upon the filing of such proof of service, the Court will set a hearing on the Amended Petition.

Dated this 5th day of February, 2026.

                                                     BY THE COURT:

                                                     _____

                                                     Brian C. Buescher
                                                     United States District Judge